IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
MAY - 2 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

RANDY BROOKS,

    Plaintiff,

v.                                Civil Action No. 2:06cv84
                                (Judge Maxwell)

DR. WATERS, MARTHA BLANCO,
LEWIS BRESCOACH, LT. R. TRYBUS,
CHRISTINE SHAFFER, SUSAN MCCLINTOCK,

    Defendants.

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

On August 28, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. In the complaint, plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs and that they used excessive force against him. Upon a preliminary review of the complaint on October 19, 2006, the undersigned determined that summary dismissal was not warranted at that time, and directed the defendants to answer the complaint. On January 30, 2007, the defendants filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. After the issuance of a Roseboro Notice, plaintiff filed a reply to the defendants' motion on March 7, 2007. This case is before the Court on the plaintiff's motion for preliminary injunction filed on April 25, 2007.

In the motion, plaintiff asserts that defendant Lt. R. Trybus, placed him in the Special Housing Unit ("SHU") on April 17, 2007. Plaintiff asserts that his detention in the SHU is in retaliation for this suit.[1] Plaintiff seeks an injunction ordering the defendants to release him from

---

[1] Plaintiff asserts that he was placed in the SHU for allegedly submitting an administrative remedy that was written and signed by another inmate. Plaintiff, however, asserts that he did write and sign the

the SHU.

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
>
> (2) the likelihood of harm to the defendant if the requested relief is granted,
>
> (3) the likelihood that the plaintiff will succeed on the merits, and
>
> (4) the public interest.

<u>Direx Israel, Ltd v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." <u>Id.</u> (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. <u>Id.</u> The required harm "must be neither remote nor speculative, but actual and imminent." <u>Id.</u> (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. <u>Id.</u> (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more

---

remedy. Nonetheless, even if he had not, plaintiff asserts that he is entitled to assistance from other inmates in preparing legal papers. Since he must exhaust his administrative remedies prior to filing suit in this court, plaintiff argues that he would be entitled to assistance in preparing administrative remedy forms. Therefore, plaintiff asserts that the charges against him are false.

deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, plaintiff has not asserted, much less established, that he will suffer irreparable harm if an injunction does not issue.[2] Accordingly, the undersigned recommends that plaintiff's Motion for Preliminary Injunction (dckt. 37) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: May 2, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff does assert that by placing him in the SHU, he is being denied access to the courts. However, plaintiff has failed to show how such denial has or will cause him irreparable harm. Moreover, such claim is suspect in light of the fact that plaintiff was able to file this motion. Thus, any attempt to show harm by way of the alleged denial of his right to access of the court is nothing but speculation.

3